IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL KANODE, SR.,

     Plaintiff,

v.                       CIVIL ACTION NO. 1:08-1113

TERESA WAID, Warden,
Huttonsville Correctional Center,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

     Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on August 10, 2009, in which he recommended that this court deny plaintiff's petition under 28 U.S.C. § 2254 based on his failure to exhaust state remedies, dismiss this case without prejudice, and remove the matter from the court's docket.

     In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  On August 17, 2009, plaintiff filed objections to the Magistrate Judge's Findings and

Recommendation.  In his objections, plaintiff asks the court to stay this civil action pending his exhaustion of state remedies.

Regarding a petitioner's obligation to exhaust state remedies, the Supreme Court has sent a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  Rose v. Lundy, 455 U.S. 509, 520 (1982).  Under certain limited circumstances, a district court may stay a petition and hold it in abeyance while a petitioner exhausts his state remedies.  Rhines v. Weber, 544 U.S. 269, 275-77 (2005).  The Court cautioned, however, that the practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.  Because grating a stay effectively excuses a petitioners failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the

2

> district court would abuse its discretion if it
> were to grant him a stay when his unexhausted
> claims are plainly meritless.

Id. at 277.

Plaintiff has not shown good cause for his failure to exhaust state remedies and, accordingly, a stay of this matter is not warranted.  Therefore, plaintiff's objections are OVERRULED.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DENIES** plaintiff's petition under 28 U.S.C. § 2254, **DISMISSES** this case without prejudice, and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

3

standard is not satisfied in this instance.  Accordingly, the
court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum
Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 5th day of July, 2011.

ENTER:

David A. Faber
Senior United States District Judge